MEMORANDUM**
William S. Ellis, Jr., the sole equity security holder of Chapter 11 Debtor Upland Partners, appeals pro se the district court’s judgment affirming the bankruptcy court’s civil contempt order against Ellis for violating the automatic stay, and imposing a sanction in the amount of $4,119.76. We have jurisdiction under 28 U.S.C. § 1291. We review de novo questions of jurisdiction. Moore v. Jogert, Inc. (In re Jogert, Inc.), 950 F.2d 1498, 1501 (9th Cir.1991). We review for abuse of discretion the decision to impose contempt, and underlying factual findings for clear error. Knupfer v. Lindblade (In re Dyer), 322 F.3d 1178, 1191 (9th Cir.2003). We affirm.
Contrary to Ellis’s contention, the bankruptcy court retained jurisdiction over the property that Ellis attempted to convey on March 6, 2002. The bankruptcy court’s termination of the automatic stay, on March 5 and March 6, 2002, for a limited purpose, did not constitute an “abandonment” of the property. Catalano v. Comm’r, 279 F.3d 682, 686 (9th Cir.2002). Ellis’s reliance on Wilson v. Bill Barry Enters., Inc., 822 F.2d 859 (9th Cir.1987), is unavailing because Wilson applied to facts and a statutory scheme that are markedly different from those found here. Wilson held that “[bjecause of this statutory structure, the bankruptcy court’s lifting of the automatic stay to allow the [creditor-lessor] to seek termination of the lease included [the debtor-Iessee]’s right to petition for relief from termination, if declared.” Id. at 861 (emphasis added).
Furthermore, contrary to Ellis’s contention, the bankruptcy court did not abuse its discretion when it ruled that Ellis violated the automatic stay because the record shows that Ellis knew of the stay, his actions were intentional, and he failed to cure. See Dyer, 322 F.3d at 1190-92. In addition, even if — as Ellis contends— the land sale contracts were in escrow prior to the bankruptcy court’s November 28, 2000 order, which decreed that the sale *168 of certain lots then in escrow could be consummated, Ellis lacked authority to convey the lots because the order gave only the Trustee authority to consummate the pending sales.
Again, contrary to Ellis’ contention, the bankruptcy court had power to sanction Ellis under 11 U.S.C. § 105(a). See Dyer, 322 F.3d at 1189-90 (“the Trustee may be entitled to recovery for violation of the automatic stay under section 105(a) as a sanction for ordinary civil contempt.” (citation omitted)). The amount of the sanction ordered by the bankruptcy court, $4,119.76, was not clearly erroneous because the record supports the Trustee’s claim that Ellis’s violations of the automatic stay burdened the Trustee and the estate, the bankruptcy court limited the amount to the time and costs for the re-conveyance, the bankruptcy court gave Ellis the opportunity to submit objections, the sanction was for the benefit of the estate, and the sanction was not punitive. See id. at 1191-92; 11 U.S.C. § 105(a).
Ellis’s remaining contentions also lack merit.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.